# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| ARTAVIOUS SHEERICE HULL, | ) | |
| | ) | No. 2:10-CV-147 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PROLOGIX DISTRIBUTION | ) | |
| SERVICES EAST, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant on July 13, 2010. For the reasons set forth below, this motion is **GRANTED** to the extent is seeks transfer. The Clerk is **ORDERED** to **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

BACKGROUND

On April 5, 2010, Plaintiff filed this *pro se* action alleging violations of the Age Discrimination and Employment Act (ADEA), Title 29 U.S.C. section 621, and the Equal Pay Act, Title U.S.C. section 206(d)(1). Plaintiff's original administrative action was filed with the Equal Employment Opportunity Commission (EEOC) on July 8, 2008, in Georgia. Defendant, on July 13, 2010, filed the instant motion requesting dismissal claiming this Court lacks

personal jurisdiction and venue pursuant to Fed. R. Civ. P. 12(b)(2) and (3). The instant motion also requests, as an alternative to dismissal, that this case be transferred to the Northern District of Georgia, Atlanta Division.

DISCUSSION

Personal Jurisdiction

Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where jurisdiction is challenged, this Court may receive and weigh affidavits, exhibits or other evidence submitted by the parties, but must construe all facts concerning jurisdiction in favor of the non-movant. *See Charlesworth v. Marco Mfg. Co.*, 878 F. Supp. 1196, 1199 (N.D. Ind. 1995).

This Court has jurisdiction over non-resident defendants (such as Prologic Distribution Services East) only if an Indiana court would have jurisdiction. *Id.* In other words, if Prologix Distribution Services East would be subject to personal jurisdiction in Indiana's Courts, then it is subject to jurisdiction in this Court. See *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004).

Under Indiana law, this Court must first look to whether the Defendant's contacts fall within one of the enumerated acts of

Indiana's long arm statute. *North American Van Lines, Inc. v. A. Colonial Moving & Storage Co., Inc.*, 291 F. Supp.2d 799, 802 (N.D. Ind. 2003). Those enumerated acts are located in Indiana Trial Rule 4.4(A), and include subsection (1), which provides for specific jurisdiction if the defendant does any business in this state. Ind. T. R. 4.4(A)(1). The remainder of the enumerate acts appear to be inapplicable in the instant case. Indiana's trial rule is intended to extend personal jurisdiction to the extent allowed by due process, and provides that Indiana court's may exercise jurisdiction on any basis not inconsistent with Indiana's Constitution or the United States Constitution.

If the Defendant's contacts do fall within the long-arm, then this Court must determine whether the exercise of jurisdiction comports with federal due process. *Id.; see also Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). For the exercise of jurisdiction to comport with federal due process, a defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945); *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002). The defendant must have purposefully initiated minimum contacts within the forum state before personal jurisdiction will be found reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476

(1985).

Defendant, a limited liability corporation organized under Delaware law, is headquartered in Atlanta, Georgia and also maintains locations in Knoxville, Tennessee. According to an affidavit from Defendant's Human Resources and Benefits Manager, Kim Dushkin ("Dushkin"), Defendant has never done business in the State of Indiana, and all the events surrounding the instant case took place in the State of Georgia. Dushkin's affidavit claims that Defendant does not conduct any targeted advertising or direct solicitation of Indiana residents. Moreover, Defendant has no employees, nor does it own any property in the State of Indiana. The Plaintiff has failed to respond to the instant motion, and has produced no evidence to controvert the Defendant's assertions. Defendant has not purposefully availed itself of the requisite minimum contacts such that the Indiana long-arm statute would authorize specific jurisdiction and, as such, this Court lacks personal jurisdiction.

Venue

Because this Court lacks personal jurisdiction over the Defendant, venue is likewise not proper. Neither the ADEA nor the EPA contain their own venue provisions; therefore, venue is governed by Title 28, United States Code section 1391. *Charlesworth v. Marco Mfg. Co.*, 878 F. Supp. 1196, 1202 (N.D. Ind. 1995); 45B

Am. Jur. 2d Job Discrimination § 1888 (2010). A defendant corporation is considered to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Here, Defendant has no contacts with the State of Indiana and the events surrounding the case all occurred in Georgia. Because Defendant is not subject to personal jurisdiction in Indiana, venue is not proper under 28 U.S.C. section 1391(c).

CONCLUSION

For the reasons set forth above, this Court lacks personal jurisdiction over Defendant in this case, and as a result, venue is not proper under 28 U.S.C. section 1931(c). Lacking both personal jurisdiction and venue, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (3) is **GRANTED** to the extent it seeks transfer and the Clerk is **ORDERED** to **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

**ENTER:** October 12, 2010      **/s/ RUDY LOZANO**
                                 **United States District Court**